```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

SNOWIZARD, INC.                        CIVIL ACTION NO. 11-515

VERSUS                                 SECTION "B"(2)

RON ROBINSON d/b/a RAGGS SNO-CONE      JUDGE LEMELLE
SUPPLIES, JULIE K. DOTY d/b/a RAGGS
SNO-CONE SUPPLIES, RAGGS SUPPLY LP     MAGISTRATE WILKINSON
d/b/a RAGGS SNO-CONE SUPPLIES, and
DOTY MANAGEMENT, LLC
```

## ORDER AND REASONS

**IT IS ORDERED** that Plaintiff SnoWizard's opposed Motion to Dismiss Counterclaims (Rec. Doc. No. 31) is **GRANTED.**

A.  <u>Motion to Dismiss Standard</u>

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those

pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do no suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

B.  <u>Analysis</u>

Defendant Raggs counterclaims for breach of contract under Louisiana and Texas state law (Rec. Doc. No. 25 at ¶ 37) and unfair business practices under Louisiana, Texas, and federal law (Rec. Doc. No. 25 at ¶ 38). Nevertheless, Raggs argues that the question of applicable law is unsettled as long as a written master contract has not been identified. (Rec. Doc. No. 40 at 1). It is clear, however, that under any law Raggs cites, it's counterclaims are untimely.

When a thing sold is rendered useless because of a defect (La.

C.C. art 2520), an action must be brought no more than four years from the date of delivery of the defective product or one year from the date the defect was discovered by the buyer. La. C.C. art 2534(A)(1). Under Texas law, an action for breach of an implied warranty of merchantability, a warranty that the thing sold is fit for the purpose for which such thing is used (Tex. Bus. & Com. Code §2.314(b)), must be commenced within four years after the cause of action accrues. Tex. Bus. & Com. Code §2.725(a). The cause of action accrues when the breach occurs, regardless of the aggrieved party's knowledge of the breach. A breach of warranty occurs when tender of delivery is made. Tex. Bus. & Com. Code §725(b).

Either Louisiana's law of redhibition or Texas' law of breach of implied warranty of merchantability would apply to the facts of this case. Under either of these laws, regardless of when the defect was discovered, Raggs would have been required to bring its claim within four years of the date of delivery of the allegedly defective products. Because Raggs' pleading recites that the products were delivered in late 2005 (after Hurricane Katrina [August 2005] and before the change of ownership in November 2005), Raggs' claim should have been brought by November 2009 at the latest. Raggs' breach of contract counterclaim, filed in 2011, is therefore untimely and there is no plausible entitlement to relief.

Similarly, Louisiana law requires that claims for unfair business practices under the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405, *et seq.*, prescribe one year after the

transaction or act that gives rise to the claim. La. R.S. 51:1409(E). The plaintiff's knowledge of the unfair business practice is irrelevant to the peremptive period. *Canal Marine Supply, Inc. V. Outboard Marine Corp. Of Waukegan, Ill.*, 522 So.2d 1201, 1203-04 (La.App. 4 Cir. 1988); *Morris v. Sears, Roebuck & Co.*, 99-2772, p. 5 (La.App. 4 Cir. 5/13/00), 765 So.2d 419, 422. Under the Texas Deceptive Trade Practices Act (DTPA), Tex. Bus. & Com. Code § 17.01, *et seq.*, actions must be brought "within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered" its occurrence. Tex. Bus. & Com. Code §17.565.

Raggs' claim for unfair business practices under the LUTPA is perempted, regardless of when Raggs discovered the basis for its claim, because it was filed more than one year after the transaction giving rise to the claim. Under the Texas DTPA, the court must consider the date of discovery of the unfair practice. However, the pleadings, on their face, reveal that Raggs discovered the defects in the product in 2005. That the business changed hands after the delivery of the defective product does not negate Raggs' admission that the then-owner discovered the defect upon delivery. *Pako Corp. v. Thomas*, 855 S.W.2d 215, 218-18 (Tex.App.-Tyler 1993). Therefore, on the face of the pleadings, Raggs' Louisiana and Texas claims for unfair business practices are untimely and must be dismissed.

Finally, Raggs asserts a federal claim for unfair business practice under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  However, the Lanham Act applies to the misuse of marks and unfair competition. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767-68 (1992). The specific section cited by Raggs creates a cause of action against a defendant who uses a mark or false description of fact which is likely to cause mistake regarding a person's affiliation with a product or, in commercial advertising, misrepresents the nature, characteristics, qualities, or geographic origin of the product. 15 U.S.C. § 25(a).

In its counterclaim, Raggs alleges only that SnoWizard represented the flavor concentrate to be "undamaged during the hurricane and therefore suitable for re-sale." (Rec. Doc. No. 25 ¶ 32). Raggs makes no allegations that the representation was likely to cause confusion or mistake as to a person's affiliation with the product, or that SnoWizard made any misrepresentations in commercial advertising or promotion. Therefore, Raggs' counterclaim, again, failed to state a plausible claim for relief under the Lanham Act, and must be dismissed.

New Orleans, Louisiana, this 14th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE