UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**SNOWIZARD, INC.**                                                                                          **CIVIL ACTION**

**VERSUS**                                                                                                          **NO: 11-515-NJB-SS**

**RON ROBINSON, d/b/a**
**RAGGS SNO-CONE SUPPLIES, et al**

**ORDER**

DEFENDANTS' MOTION TO COMPEL DISCOVERY (Rec. doc. 49)

**GRANTED IN PART AND DENIED IN PART**

On October 18, 2011, the defendants, Raggs Supply, LP, Doty Management, LLC, Julie Doty and Ron Robinson, filed a motion for sanction and to compel discovery from the plaintiff, SnoWizard, Inc. ("SnoWizard"). The request for sanctions is denied.

The defendants contend, in part, that SnoWizard's discovery responses are incomplete. SnoWizard filed an opposition with a declaration from Ronald Sciortino, dated October 25, 2011, explaining why the document production was incomplete. Rec. doc. 57. The defendants submitted a reply disputing the statement in the declaration that documents were destroyed in 2005 and were unavailable. Rec. doc. 63. On November 3, 2011, SnoWizard presented a supplemental declaration from Sciortino, dated November 1, 2011. Rec. doc. 70. The November 1 declaration provides a satisfactory explanation for SnoWizard's inability to produce certain information.[1]

---

[1] The same issue is raised in the motion of Southern Snow and others to compel discovery from SnoWizard in Civil Action No. 06-9170 and consolidated cases. See Rec. docs. 448, 450, 453 and 458.

Interrogatory no. 1 and Request for Production ("RFP") no. 6.

SnoWizard's objections are overruled. A protective order was entered on October 28, 2011 to preserve the confidentiality of documents and information. Rec. doc. 65. SnoWizard alleges that at least since 1945, it "has continuously and exclusively used the trademark SNOWIZARD in interstate commerce on and in connection with its products." Rec. doc. 1 at para. 9. In the preceding paragraph, SnoWizard alleges that at all pertinent times it was engaged in manufacturing and wholesaling snowball flavoring concentrates in various original flavors formulated by it. Based on the allegations in the complaint, interrogatory no. 1 and RFP no. 6 seek information relevant to the parties' claims and defenses. Subject to the objections, SnoWizard produced documents labeled SW0215-444. In the October 25 declaration, Sciortino states that these "are all of the documents that I could readily locate and access in SnoWizard's paper and computer files. . . ." Rec. doc. 57 (Attachment at 2) (emphasis added). In the November 1 declaration, Sciortino states that with additional programming, SnoWizard will be able to produce certain additional sales data.

By **Friday, December 23, 2011**, SnoWizard shall: (1) answer interrogatory no. 1; (2) produce the additional sales data; and (3) provide a declaration from Sciortino that he made a diligent search for all documents responsive to interrogatory no. 1 and RFP no. 6 and that such documents were produced ("Affidavit of Diligent Search").[2]

Interrogatory no. 2 and RFP nos. 3, 4 and 5.

SnoWizard's objections are overruled. It shall answer interrogatory no. 2. By **Friday,**

---

[2] SnoWizard is only required to produce documents which are in its possession, custody and control. To the extent any discovery request seeks more, SnoWizard's objection to is sustained.

**December 16, 2011**, it shall make a diligent search of all documents responsive to the requests and provide the Affidavit of Diligent Search.

Interrogatory nos. 3, 11 and 12 and RFP nos. 12 and 13.

SnoWizard's responses to interrogatory no. 3, 11 and 12 and RFP no. 13 are satisfactory. By **Friday, December 16, 2011**, it shall make a diligent search for all documents responsive to RFP no. 12 and provide the Affidavit of Diligent Search.

Interrogatory nos. 4, 5 and 6 and RFP nos. 1, 2 and 9.

The objections to interrogatory no. 4 and RFP no. 1 are overruled. Subject to the objection, SnoWizard produced documents. By **Friday, December 16, 2011**, it shall make a diligent search for all documents responsive to interrogatory no. 4 and RFP no. 1 and provide the Affidavit of Diligent Search.

The objections to interrogatory nos. 5 and 6 and RFP nos. 2 and 9 are sustained. No further response is required.

Interrogatory nos. 7 and 8.

The objections to interrogatory nos. 7 and 8 are sustained. No further response is required.

Interrogatory no. 9 and RFP no. 10.

The objections to interrogatory no. 9 and RFP no. 10 are sustained. No further response is required.

Interrogatory no. 10 and RFP no. 11.

SnoWizard's objection to RFP no. 11 is overruled. By **Friday, December 16, 2011**, it shall make a diligent search for all documents responsive to interrogatory no. 10 and RFP no. 11 and

provide the Affidavit of Diligent Search.

Interrogatory nos. 13-16 and RFP nos. 7 and 8.

SnoWizard's objections to interrogatory nos. 13-16 and RFP nos. 7 and 8 are overruled. By **Friday, December 16, 2011**, it shall: (1) answer interrogatory nos. 13-16; (2) make a diligent search for all documents responsive to these interrogatories and RFP nos. 7 and 8; and (3) provide the Affidavit of Diligent Search.

IT IS ORDERED that the motion of the motion of the defendants to compel (Rec. doc. 49) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 22nd day of November, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**