## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**SNOWIZARD, INC.**                                    **CIVIL ACTION**

**VERSUS**                                             **CASE NO.11-515**

**RON ROBINSON D/B/A RAGGS SNO-CONE**                  **SECTION: "G"(1)**
**SUPPLIES, JULIE K. DOTY D/B/A RAGGS SNO-**
**CONE SUPPLIES, RAGGS SUPPLY, LP D/B/A**
**RAGGS SNO-CONE SUPPLIES, & DOTY**
**MANAGEMENT, LLC**

### ORDER AND REASONS

Currently before the Court is Defendant America First Lloyd's Insurance Company's ("America First") Motion to Set Aside Clerk's Entry of Default filed on October 19, 2011.[1] Plaintiff SnoWizard, Inc. ("SnoWizard") filed its opposition on October 31, 2011.[2] Following leave of Court, America First filed a reply[3] and supplemental memorandum[4] in support of its motion, and SnoWizard filed a supplemental memorandum in opposition to America First's motion.[5] Having reviewed the parties' filings, the record, and the applicable law, the Court will **GRANT** America First's Motion to Set Aside Clerk's Entry of Default for the reasons discussed below.

### I.  Background

On March 3, 2011, SnoWizard filed suit against Ron Robinson, Julie K. Doty, Doty

---

[1] Rec. Doc. 52.

[2] Rec. Doc. 66.

[3] Rec. Doc. 73.

[4] Rec. Doc. 91.

[5] Rec. Doc. 94.

Management, LLC, and Raggs Supply, LP.[6]   On September 7, 2011, SnoWizard filed its first amended complaint and added America First as a defendant.  SnoWizard alleges that Raggs Supply, LP ("Raggs") and the other defendants were insured under a policy of commercial general liability insurance issued by America First, and SnoWizard brought a direct action against America First as insurer in the amended complaint.  The first amended complaint was sent to America First's agent for service of process on September 13, 2011.  On September 20, 2011, America First received the summons, complaint and amended complaint; thus, America First had to answer, object, or otherwise plead by October 11, 2011.

On October 12, 2011, America First had yet to file responsive pleadings, and SnoWizard filed an ex parte motion for an entry of default against America First with the clerk of court.[7]   On October 14, the clerk entered an entry of default against America First.[8]

On September 21, 2011, Janey Walker-Castro ("Walker-Castro"), an individual at America First who administers the claims of America First but was not the agent for service, received the First Amended Supplemental Complaint by mail, but the copy she received did not indicate that the pleading had been sent or received by America First's service agent.  As such, Walker-Castro states that she did not know that the time limits to answer had already begun to run.  On October 18, 2011, two working days after the clerk entered the default, Walker-Castro contacted counsel for SnoWizard to inform him that America First would retain counsel.  During the call, SnoWizard's counsel informed America First that an entry of default had been made.  That day, America First

---

[6] Rec. Doc. 1.

[7] Rec. Doc. 46.

[8] Rec. Doc. 48.

2

retained counsel, who then filed the instant Motion to Set Aside Default on the following day, October 19, 2011.[9]

## II.  Standard for Setting Aside an Entry of Default

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default if the party seeking relief shows good cause.[10]  "The decision to set aside a default decree lies within the sound discretion of the district court."[11]  However, "because modern federal procedure favors trials on the merits," should a district court not set aside default, "an abuse of discretion need not be glaring to justify reversal."[12]  Defaults are extreme sanctions reserved for rare occasions, and doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default.[13]  While a motion to set aside an entry of default is similar to a motion to set aside a default judgment under Rule 60(b), the Fifth Circuit has stated that a motion to set aside the entry of default "is more readily granted than a motion to set aside a default judgment."[14]  The standard used when setting aside an entry of default is "good cause."[15]

Under Rule 55(c), good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a

---

[9] Rec. Doc. 52.

[10] Fed. R. Civ. P. 55(c).

[11] *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

[12] *Id.*

[13] *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[14] *In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008).

[15] *See id.  See also Robert Smith v. Southside Cafe*, No. 09-4673, 2010 U.S. DIST. LEXIS 25554, at *4 (E.D. La. Mar. 18, 2010) (Zainey, J.).

complaint timely."[16]   When utilizing the "good cause" standard, courts typically consider (1) whether default was wilful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.[17]   In the Fifth Circuit, the "good cause" test is disjunctive.[18]  Moreover, these three factors are not exclusive, and courts have relied on other factors to determine whether "good cause" exists, such as: (1) whether the public interest was implicated; (2) whether there was a significant financial loss to defendant; and (3) whether the defendant acted expeditiously to correct the default.[19]   "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."[20]   "All of these factors should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored."[21]  Additionally, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."[22]  As such, "the requirement of good cause has generally been interpreted liberally."[23]

---

[16] *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).

[17] *Id.*

[18] *Id.*

[19] *Id.* (internal citations omitted).

[20] *Id.*

[21] *Lambert v. Bd of Comm'rs of the Orleans Levee District*, No. 05-5931, 2006 WL 1581262, at *2 (E.D. La. June 7, 2006) (Vance, C.J.) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.') (internal quotations omitted)).

[22] *Lacy*, 227 F.3d at 292.

[23] *Effjohn Int'l Cruise Holdings, Inc. v. Enchanted Isle MV*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)).

4

### III.  Analysis

*A.      Whether Default was Wilful*

Whether a defendant's failure to answer timely was wilful is a finding of fact left for the district court to determine.[24]  Should the district court find that the default was wilful, the court need not address any other factors, and the Court of Appeals will uphold the district court so long as its finding was not clear error.[25]  However, a district court may find that even in situations where the defendant wilfully failed to answer or file responsive pleadings, the balance of the factors favors setting aside the entry of default.[26]

In its motion to set aside entry of default, America First argues that it did not wilfully default. To support this claim, America First submitted the affidavit of Walker-Castro, a senior claims specialist who administers the claims of America First.  In this affidavit, Walker-Castro claims that she received a copy of the First Amended Supplemental Complaint of SnoWizard by mail; however, she states that this copy did not indicate that the pleading had been sent or received by America First's service agent.  Thus, Walker-Castro states that she was unaware that formal service had been made.  Walker-Castro then states that she intended to await formal service before taking action. Subsequently, on October 18, 2011, she contacted counsel for SnoWizard to discuss the case; during this conversation, counsel for SnoWizard informed Walker-Castro that SnoWizard had requested

---

[24] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

[25] *In re OCA*, 551 F.3d at 367.

[26] *See Oddo v. Homecoming Fin. LLC*, No. 06-6888, 2007 U.S. Dist. LEXIS 29713, *5-*6 (E.D. La. Apr. 20, 2007) (Zainey, J.) ("Defendants' 'excuses' for failing to respond to Plaintiffs' lawsuit demonstrate either that they wilfully ignored the complaint or were just grossly incompetent in their handling of the complaint. Nevertheless, a judgment has not yet been entered against Tenet and Direct Mortgage and they have moved expeditiously to set aside the entries of default. The docket sheet reveals that little has taken place so far in this litigation except with regard to the instant defaults. Given the Fifth Circuit's policy in favor of resolving cases on their merits, the Court in its discretion will vacate the entries of default.").

an entry of default.  Walker-Castro states that following the conversation with counsel for SnoWizard, she immediately contacted Montgomery Barnett, L.L.P. and instructed counsel to move to set aside the default.  On October 19, 2011, counsel from Montgomery Barnett so moved.  From this, America First argues that it simply did not know that formal service had occurred and that once it realized the misunderstanding, it immediately attempted to rectify the situation.  Thus, America First argues that its default was not wilful.

In opposition, SnoWizard argues that America First wilfully defaulted.  First, SnoWizard states that it is undisputed that America First's agent was served on September 20, 2011 with the requisite summons.  SnoWizard then argues that America First's attempt to place blame on the inaction of its agent for service is unavailing as a matter of law as courts have held that companies are responsible for the knowledge possessed by those whom they appoint as agents.[27]  Thus, SnoWizard argues that because it is undisputed that America First's agent received proper service, America First must have known this fact.

The Court finds that America First's default was not wilful because the individual in charge of responding to this litigation was unaware that America First received proper service and because once she became aware of the proper service, she acted quickly to cure the default.  Moreover, this individual contacted SnoWizard prior to becoming aware of the entry of default to discuss the case and only then learned that proper service had been executed and that the preliminary default had been entered.

Courts have not universally held that a defendant who has been properly served is wilful in

---

[27] Rec. Doc. 66 at p. 4 (citing *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 397 (Tex. App. 2010)).

its failure to answer.  For instance, in *Forte v. East Harlem Block Schools, Inc.*,[28] an employee for the defendant signed a receipt of the complaint as "fiscal officer" and then failed to give the complaint to the proper individuals within the company.  The Court stated that "[p]roper service is some evidence that a defendant has notice of a claim, but courts recognize the possibility of mistakes."[29]  Moreover, the Court found it telling that the defendant "took quick action to correct the [default] situation once it was made known."[30]  Quick action to respond has also been considered by courts within this district to determine whether a default was wilful.[31]  Additionally, a court in this district has found that a default was not wilful when a defendant was personally served but his attorneys were not aware of service, for unknown reasons, until at or around the pleading deadline when defendant's attorneys immediately contacted plaintiff's counsel and soon thereafter filed an answer, unaware that default had already been entered.[32]  Here, America First took quick action to respond once it learned of the entry of default.  Specifically, America First moved to set aside the entry of default five days after the clerk entered the default, and America First filed its answer only fourteen days after the clerk entered the default.  Therefore, the Court finds that America First's default was not wilful, and this factor favors setting aside the entry of default.

      B.      *Whether Setting Aside the Entry of Default Would Prejudice SnoWizard*

---

[28] No. 91-6942, 1993 WL 7577 (S.D.N.Y. Jan 7, 1993) (Mukasey, J.).

[29] *Id.* at *3.

[30] *Id.*

[31] *Monroe v. O'Donnell*, No. 96-2303, 1996 U.S. Dist. LEXIS 18544, at *3 (E.D. La. Dec. 11, 1996) (Clement, J.) ("The fact that defendant filed his motion to vacate default just a few days after receiving notice that the case had been set for a Call Docket supports this finding [that default was not wilful].").

[32] *Maitland Bros. Co. v. Empey*, No. 94-1112, 1994 U.S. Dist. LEXIS 11593, at *3-*4 (E.D. La. Aug. 16, 1994) (Clement, J.).

In its motion to set aside the entry of default, America First contends that SnoWizard will suffer no prejudice by the setting aside of default.  To support this claim, America First argues that a delay in responsive pleadings alone does not constitute prejudice and that, at the time it filed its motion, no other substantive action had occurred on SnoWizard's amended complaint.  America First further argues that no prejudice was suffered because it filed its motion to set aside entry of default in the early stages of litigation.

In opposition, SnoWizard argues that setting aside default will cause SnoWizard prejudice.  Specifically, SnoWizard alleges that America First's insured and co-defendant, Raggs, has filed a civil RICO complaint against SnoWizard alleging that SnoWizard committed mail fraud, wire fraud, and extortion by filing this suit in an "improper venue."  Moreover, Raggs alleges that SnoWizard's complaint in this case attempts to preclude Raggs's insurance coverage.  SnoWizard argues that Raggs would certainly bring more litigation should SnoWizard not attempt to enter default against America First and that SnoWizard has been prejudiced by expending substantial amounts of time and money to defend against these suits by Raggs.

In reply, America First argues that these separate allegations by Raggs are irrelevant to whether the setting aside of the entry of default against American First in this case would cause SnoWizard prejudice.

The Court finds that SnoWizard would not suffer prejudice from the setting aside of the entry of default.  First, while SnoWizard claims that Raggs has filed other suits against it, SnoWizard has not explained how setting aside the entry of default in this case against America First will prejudice SnoWizard either in this case or in the other cases.  Also, America First moved to set aside the entry of default almost immediately after the clerk entered it.  The Fifth Circuit has held that "mere delay

does not alone constitute prejudice."[33]  Instead, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[34]  Moreover, courts have found that when defendants move to set aside default early on in litigation, plaintiffs likely will not suffer prejudice if the default is set aside.[35]  Thus, this factor favors setting aside the entry of default.

> C.   *Whether America First Has Presented a Meritorious Defense*

In its motion, America First alleges that it has meritorious defenses to the First Amended Supplemental Complaint, alleging that none of the defendants are covered under their insurance policy with America First because the policy either provided no coverage or excluded SnoWizard's claims against these defendants.  America First alleges that it issued a multi-paged, detailed explanation of the policy to defendants to demonstrate that they were not entitled to coverage.  America First further states that these defenses are clear and will be strongly urged before this Court.

In opposition, SnoWizard first argues that America First has provided no support for its argument that it has a meritorious defense in its motion.  SnoWizard states that while America First references a multi-paged explanation that it provided to defendants explaining that they were not covered, America First has failed to provide this document to the Court.  Additionally, SnoWizard argues that by the terms of the insurance policy issued by America First to Raggs, which insures the partnership, its partners, their spouses, and its employees, America First clearly and unambiguously covers SnoWizard's defamation and disparagement claims.

---

[33] *Lacy*, 227 F.3d at 293.

[34] *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

[35] *Lambert*, 2006 WL 1581262, at *3.

In reply, America First directs the Court to the answer it filed on October 28, 2011, and to specific portions of its insurance policy with Raggs to show that it has a meritorious defense to SnoWizard's claims.  Specifically, America First states that while SnoWizard may have alleged a cause of action for defamation against Raggs, America First's policy does not provide coverage for this claim.  To support this argument, America First states that SnoWizard alleges that Raggs made statements to customers about SnoWizard with "malicious intent, with knowledge of their falsity, without probable cause, and with reckless disregard for the truth" and further states that falsity and malice are requirements to support a defamation claim in Louisiana.  America First further states that to show malice SnoWizard "must prove that statements were known to be false or made with reckless disregard to whether the statements were true or false."[36]  America First then states that its policy with Raggs precludes coverage for any advertising injury caused by or at the direction of the insured with knowledge that the act would inflict personal and advertising injury on another.  Moreover, the policy also excludes coverage for "personal and advertising injury" arising out of the publication of material by or at the direction of the insured with knowledge of its falsity.  Thus, America First argues that it has a meritorious defense for any "knowing defamation" on the part of Raggs against SnoWizard.

The Court finds that Raggs has shown that a "meritorious defense" exists for the purposes of setting aside default under Rule 55(c). "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[37]  Here, it appears that there is "some

---

[36] Rec. Doc. 73 at p. 3 (citing *Hebert v. La. Assn. of Rehabilitation Professionals, Inc.*, 67 So.2d 998, 999-1000 (La. 1995).

[37] *In re OCA*, 551 F.3d at 373 (internal citations omitted).

possibility" that America First's policy with Raggs does not cover the claims asserted by SnoWizard against Raggs. America First has pointed to specific policy language in the contract to show that these claims are not covered.  Moreover, America First's claims are supported by factual evidence. America First has quoted the specific portions of the contract, and SnoWizard has included the actual contract in the record as an exhibit attached to its opposition.[38]  Thus, Raggs has shown that a "meritorious defense" exists for the purposes of setting aside default under Rule 55(c), and this factor favors setting aside the entry of default.

### D.      Other Factors

As stated above, the three previous factors are not exclusive, and the Court may look to other factors to determine whether "good cause" exists to set aside the entry of default.

#### 1.      Whether the Public Interest Would be Served by Setting Aside the Default

SnoWizard argues in opposition that the public interest would best be served by denying America First's motion to set aside entry of default.  Specifically, SnoWizard argues that the insurance industry necessarily affects the public interest and that the public interest in the orderly and efficient administration of justice is affected by America First's motion.

America First did not specifically respond to this claim of SnoWizard; however the Fifth Circuit has held that the public interest factor "may cut both ways" in situations such as this "because there is a value both in allowing trial of cases on the merits and in adhering to procedural rules."[39]  As such, this factor does not favor either setting aside or maintaining the default.

#### 2.      Whether America First Acted Expeditiously to Correct the Default

---

[38] Rec. Doc. 66-1.

[39] *In re OCA*, 551 F.3d at 374.

In its motion to set aside entry of default, America First argues that default should be set aside because America First has acted expeditiously to correct the default.  Specifically, America First states that it filed its motion to set aside entry of default one day after it became aware of the entry of default and only three working days after the clerk entered the default.  Further, America First argues that because it filed responsive pleadings only two weeks after the entry of default, it expeditiously corrected the default.

In opposition, SnoWizard argues that America First only contacted counsel for SnoWizard six months after it was placed on notice of SnoWizard's lawsuit against its insureds and four weeks after it was served with the summons, original complaint, and amended and supplemental complaint. Further, SnoWizard argues that because America First waited until October 28, 2011 to file any sort of responsive pleading, America First has not overcome its wilful failure to deliver the summons and complaints to its counsel promptly.

In reply, America First argues that it had filed its motion to set aside entry of default before it had received notice from the clerk that the clerk had entered default against America First.  Thus, America First argues that it attempted to correct the default in as timely a fashion as it could have.

The Court finds that this factor favors setting aside the entry of default.  This is not a case where default was entered months or weeks after responsive pleadings were due; rather, SnoWizard moved for an entry of default one day after America First was to answer.  Additionally, America First moved to set aside the entry of default within a week of the clerk's entry of the default and filed its answer two weeks after the clerk's entry of default.  Therefore, this factor favors setting aside the entry of default.

E.      Sanctions

12

SnoWizard argues that should the court decide to set the entry of default aside, the Court should condition the granting of such relief upon requiring America First to pay the attorney's fees incurred by SnoWizard in opposing America First's motion.  To support this request, SnoWizard points to *Oddo v. Homecoming Financial LLC*,[40] where Judge Zainey set aside an entry of default against defendants but found them to be "so remiss in their handling of Plaintiffs' lawsuit" that he ordered them to pay "the reasonable attorney's fees incurred by Plaintiffs' counsel in seeking the defaults and in opposing this motion."[41]

America First, in its reply, argues that awarding attorneys' fees to SnoWizard is not warranted in this case.  America First distinguishes Judge Zainey's decision in *Oddo* by explaining that the defendants in *Oddo* waited almost six weeks after the day default was entered to file their motion to set aside entry of default.  Further, the record reflected that defendants either wilfully ignored the complaint filed against them for over five months or were grossly incompetent in their handling of it.  Here, America First argues that no such delay occurred because SnoWizard filed its motion for entry of default only one day after responsive pleadings were due and America First filed its motion to set aside the entry of default soon after the clerk entered default.

The Court finds that SnoWizard is not entitled to attorney's fees.  This case does not represent the same situation as that presented in *Oddo* because the Court has already found that America First's default was not wilful and that America First acted expeditiously to cure the default. Further, this Court is not bound by the decisions of other district court judges. Therefore, the Court will not award SnoWizard the attorney's fees incurred opposing this motion.

---

[40] 2007 WL 1192159, at *2.

[41] *Id.*

## IV.  Conclusion

The Court has found that the factors overwhelmingly favor setting aside the clerk's entry of default because: (1) America First's default was not wilful; (2) setting aside the entry of default will not prejudice SnoWizard; (3) America First has shown that there is "some possibility" that the outcome of the suit after a full trial will be contrary to the result achieved by default; and (4) America First acted expeditiously to cure the default.  Therefore, the Court will **GRANT** America First's Motion to Set Aside Entry of Default.  Additionally, the Court finds that SnoWizard is not entitled to the attorney's fees incurred in opposing this motion because: (1) America First's default was not wilful, and (2) America First acted expeditiously to cure the default.  Accordingly;

**IT IS ORDERED** that America First's Motion to Set Aside Clerk's Entry of Default is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that SnoWizard's request for attorney's fees incurred opposing America First's Motion to Set Aside Clerk's Entry of Default is hereby **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  16th  day of May, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**