UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SNOWIZARD, INC.**                                   **CIVIL ACTION**

**VERSUS**                                            **NO. 11-515**

**RON ROBINSON, et al.**                              **SECTION: "G"(1)**

**ORDER AND REASONS**

Before the Court is SnoWizard, Inc.'s ("SnoWizard") Motion for Summary Judgment to Enforce Settlement and For Attorney Fees or to Reopen Action.[1] After considering the pending motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will deny the pending motion.

**I. Background**

This action is only one among several suits pending in this section among these parties. In each of these cases, the parties and attorneys' personal relationships with one another have proven an obstacle to the efficient and professional progression and/or resolution of this matter. This dynamic has also expended a great deal of the Court's time and resources as well. After the parties had agreed on the monetary portion of settlement, Defendant America First Lloyd's Insurance Company ("America First") requested a settlement conference with the Court. After meeting at least twice with the magistrate judge and twice with the trial judge – each time beginning with the complete and unexplainable unraveling of every prior small concession, stipulation or resolution of an issue by the parties in the prior meeting, in the last status conference prior to trial with the Court, and lasting over two hours, on November 6, 2012, the parties finally agreed to a full settlement.[2] The

---

[1] Rec. Doc. 223.

[2] Rec. Doc. 219.

settlement required America First to provide a check for $15,000 to SnoWizard. The settlement also included a letter with previously agreed upon language that would be sent by the magistrate judge to a list of customers provided by Defendant Raggs Supply LP. In that status conference the Court had to go over each and every sentence of a letter previously agreed upon by the parties in order to help them complete the settlement.

On November 14, 2012, the Court issued an order of dismissal, wherein it retained jurisdiction for sixty days to enforce the monetary aspect of the settlement.[3] On January 14, 2013, SnoWizard filed the pending motion to enforce the settlement agreement and for attorney's fees, or to reopen the action.[4] On January 22, 2013, America First filed an opposition.[5]

## II. Parties' Arguments

In support of the pending motion, SnoWizard complains that as of January 14, 2013, it had not received the settlement proceeds.[6] SnoWizard explains that on January 8, 2013, it sent counsel for America First, Mr. Tynan, an email inquiring if America First would issue the funds soon. Mr. Tynan did not respond to the email. On January 10, 2013, counsel for SnoWizard attempted to call Mr. Tynan, but received no answer, so counsel left a voice mail, which was not returned. Counsel for SnoWizard finally reached Mr. Tynan on January 11, 2013, and Mr. Tynan communicated that he would check on the status of the funds and relay the information to SnoWizard. On January 13, 2013, counsel for SnoWizard emailed Mr. Tynan again and informed him that if he did not receive

---

[3] Rec. Doc. 221.

[4] Rec. Doc. 223.

[5] Rec. Doc. 224.

[6] Rec. Doc. 223-1.

payment by January 14, 2013 at 5:01 PM, he would file the pending motion.[7] SnoWizard requests that "this Court [use its] inherent power to award attorney fees against America First as a result of its undisputed vexatious, wanton, and oppressive failure and refusal to consummate the settlement."[8] Specifically, SnoWizard asks for the attorney's fees associated with submitting the pending motion.[9]

In opposition, America First claims that SnoWizard did not provide the required payment information to it, "as is its responsibility."[10] America First further argues that when counsel for SnoWizard tried to contact him, he was unable to immediately reply, but that when Mr. Tyana spoke with his client, he was reminded that they did not have SnoWizard's Tax Identification Number ("TIN"), which only SnoWizard could supply, and was necessary to process payment. SnoWizard provided its TIN on January 18, 2013.[11] America First avers that "the settlement funds are expected to arrive any day."[12]

### III. Law and Analysis

Considering America First has indicated to the Court that the settlement funds are expected soon, and upon being informed that the delay was due to the fact that SnoWizard did not provide America First with its Tax Identification Number, SnoWizard's request for an order to enforce the settlement or reopen the action is denied because the Court finds that there was merely a breakdown in communication between the parties.

---

[7] *Id.* at pp. 2-3.

[8] *Id.* at p. 6.

[9] *Id.* at p. 7.

[10] Rec. Doc. 224 at p. 2.

[11] *Id.* at p. 3.

[12] *Id.*

In addition, however, SnoWizard has requested attorney's fees in connection with the pending motion. "A court *may* assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[13] Considering the Court finds that this issue arose from a breakdown in communications, not bad faith or vexatious conduct, it will not award attorney's fees. America First has stated that the funds should arrive soon. The parties are best served by their attorneys fostering a resolution of this matter, which has already been agreed upon, instead of continuing to squabble.

### IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that SnoWizard's Motion for Summary Judgment to Enforce Settlement and For Attorney Fees or to Reopen Action[14] is **DENIED**;

**IT IS FURTHER ORDERED** that SnoWizard shall notify the Court when it receives the settlement funds from America First;

**IT IS FURTHER ORDERED** that if SnoWizard has not received the settlement funds in thirty (30) days, SnoWizard may re-urge its motion and the Court may reconsider awarding SnoWizard attorney's fees.

**NEW ORLEANS, LOUISIANA**, this 30th day of January, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Chambers v. NASCO, Inc.*, 501 U.S. 22, 45-46 (1991) (internal quotations omitted) (emphasis added).

[14] Rec. Doc. 233.